DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. Willard E. Kearns, defendant below and appellant herein, pled guilty to (1) felonious assault in violation of R.C. 2903.11; and (2) endangering children in violation of R.C. 2919.22.
 {¶ 2} Appellant assigns the following error for review: *Page 2 
 "MR. KEARNS WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 3} On May 5, 2008, appellant was watching his six week old son for the day. He apparently got into an argument with a cousin and, when the baby would not stop crying, threw the child onto a couch. As a result of appellant's actions, the child struck his head on the couch. Later, the baby was taken to the "Adena Greenfield facility," then life-flighted to Children's Hospital. The baby was diagnosed with fractured ribs, a broken collar bone and sub-dural hematoma which led to brain injury. The child remains in a "persistent vegetative state" and may never regain consciousness.[2]
 {¶ 4} The Ross County Grand Jury returned an indictment charging appellant with felonious assault and two counts of endangering children. He initially pled not guilty, but later changed those pleas to guilty. At sentencing, the trial court imposed an eight year term of imprisonment for the felonious assault and seven years for child endangering, with the sentences to be served consecutively for a total of fifteen years.[3] This appeal followed.
 {¶ 5} Appellant asserts in his assignment of error that he received ineffective assistance from trial counsel who negotiated a plea agreement from which he received "no real benefit." We disagree.
 {¶ 6} Our analysis begins with the premise that criminal defendants have the *Page 3 
right to counsel, including the right to the effective assistance from counsel. McCann v. Richardson (1970), 397 U.S. 759, 771, 25 L.Ed.2d 763, 90 S.Ct. 1441; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182; State v. Doles (Sep. 16, 1991), Ross App. No. 1660. To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that such deficient performance prejudiced the defense and deprived him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001), 93 Ohio St.3d 49, 67, 752 N.E.2d 904. Both prongs of the Strickland test need not be analyzed, however, if the claim can be resolved under one. See State v.. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. Accordingly, if nothing appears in the record to establish prejudice, we need not address the question of deficient performance. With that information in mind, we turn to the prejudice prong of the Strickland test.
 {¶ 7} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that, but for counsel's errors, the result would have been different. State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus. Further, courts may not simply assume the existence of prejudice, but require that it be affirmatively demonstrated. See State v. Clark, Pike App. No. 02CA684, 2003-Ohio-1707, at ¶ 22; State v. Tucker (Apr. 2, 2002), Ross App. No. 01CA2592; State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691, unreported.
 {¶ 8} In the case sub judice, even if we assume arguendo that counsel breached an "essential duty" by failing to obtain a shorter sentence as part of the plea agreement, appellant does not show how he suffered any prejudice. He does not contend that (1) the prosecution was amenable to a lesser sentence, (2) that he had any defense whatsoever to the charges against him if the matter proceeded to trial, or (3) that the trial court would have sentenced him to less prison time if a jury had found him guilty. Without any such showing of prejudice, we find nothing to substantiate his claim of ineffective assistance. Moreover, both felonious assault and endangering children are second degree felonies. See R.C. 2903.11(D)(1); R.C. 2919.22 (E)(1)(d). Allowable sentences for second degree felonies range from two to eight years. R.C. 2929.14(A)(2). Thus, appellant could have received sixteen years in prison. The prosecution, as part of the plea agreement, agreed to recommend a fifteen year sentence. This was precisely what appellant received. In view of the horrendous facts and circumstances present in the case sub judice, it is certainly possible that appellant could have received a greater sentence (sixteen years) if a jury had found him guilty of the charges. Therefore, we believe that trial counsel did obtain a benefit for appellant as part of the plea agreement.
 {¶ 9} Finally, we reject appellant's underlying premise that the only reason a defendant would enter into a plea agreement is to obtain a shorter sentence than he would have received if the matter went to trial. We can conceive of many reasons why a defendant may choose to plead guilty that have nothing to do with the length of his prison sentence. For example, a defendant may realize that he has no defense to the charges against him; that he may have remorse for the crime and sympathy for the victims; or that he may not want the victim and the victim's relatives to endure the trauma of a criminal trial. Therefore, in the case at bar even if appellant had received no reduction in sentence, and if we assume that appellant had shown some degree of prejudicial effect, we would not necessarily conclude that trial counsel committed some breath of duty.
 {¶ 10} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
[2] Apparently while the child was being treated, medical staff found other, older injuries that also suggested abuse
.
[3] The court noted in its sentencing entry that the two counts of endangering children are crimes of similar import and, thus, only sentenced appellant for one. *Page 1